## Case No. 16,085.

### UNITED STATES v. PRESCOTT.

[2 Dill. 405.] [1]

Circuit Court, D. Minnesota. 1872.

BANKRUPT ACT—INDICTMENT—EVIDENCE.

The compulsory examination of a bankrupt under oath cannot be given in evidence against him on a criminal proceeding.

Indictment under section 44 of the bankrupt act [of 1867 (14 Stat. 539)], charging the defendant with disposing of his property with intent to prevent it from coming into the possession of the assignee in bankruptcy. The defendant had, before being indicted, been compelled to submit to an examination under section 26 of the act, and that examination was reduced to writing and signed by the bankrupt. On the trial of the indictment the district attorney offered in evidence to establish the fraudulent disposition of the property charged in the indictment the above mentioned examination of the defendant in bankruptcy.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice. It is our opinion that the evidence offered is not competent. The general rule certainly is that evidence given or statements made by a party under compulsion or order of court tending to criminate himself cannot be put in evidence on a criminal proceeding against him. Reg. v. Garbett, 1 Denison, Crown Cas. 236. This case falls within this principle. Evidence excluded.

---

## Case No. 16,086.

### UNITED STATES v. PRESSY.

[1 Lowell, 319.] [2]

District Court, D. Massachusetts. April, 1869.

PEDLERS — LICENSE AND SPECIAL TAX — INDICTMENT.

A pedler who has duly applied to the assessor for a license in April, is not indictable for carrying on business without payment of the special tax, between the 1st and 7th days of May, before the tax was, in the usual course of business, assessed upon him for that year, if he intended during that time to pay the tax when it should be assessed, although when the tax bill was presented him on the 21st of May he refused to pay it, having stopped business on the 7th.

The defendant [Samuel J. Pressy] was indicted under the seventy-third section of the act of 1864, as amended by that of July 13, 1866 (14 Stat. 113), for carrying on the trade or business of a pedler of the third class without paying the special tax imposed on that business by the same statute. The evi-

dence tended to show that the defendant had duly paid his tax for 1867, and that in April, 1868, he duly applied to the assessor of internal revenue of his district to pay the special tax for that fiscal year, beginning with May 1, 1868; that four or five days afterwards he sold out his business, and had not carried it on since. The taxes were usually assessed about the 20th of May in each year, and the bills were sent in on the next day. The defendant's bill was sent him as usual, but he had neglected and refused to pay the tax, and was indicted in January, 1869.

M. F. Dickinson, Jr., Asst. U. S. Dist. Atty. S. E. Floyd, for defendant.

LOWELL, District Judge, ruled that if the defendant had been guilty only of a neglect or refusal to pay his tax after he had ceased to carry on the business, he was not, for that alone, liable to indictment under the section cited. That the offence described in the law was the carrying on a trade or business without payment of a tax, and if the defendant, when he carried on the business before his tax was levied, had no intent to defraud the government, he could not be lawfully convicted. His application to be assessed was all that he could do, or was bound to do, until the bill was rendered. So that, while many defendants had been rightly convicted under this section who had never been assessed for a tax, because the failure to assess them arose out of their own wrong in not making application to the assessor, and therefore they could not be heard to object the want of assessment; yet this stringent penalty was not intended for delinquent taxpayers merely as such, if they had been guilty of no act or omission at the time they carried on their business. The government officers, in adopting what appeared to be a reasonable and perhaps necessary practice of giving credit for the tax for twenty days while their lists were preparing, did not thereby expose all tradesmen to indictment who took advantage of that credit.

The district attorney declined to go to the jury on the question of intent, and the defendant was acquitted.